IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Aug 08 2018
U.S. DISTRICT COURT
Northern District of WV

**RICHARD BARTUS,**

    **Plaintiff,**

v.                                     Docket No.: 1:18-cv-__152 (Keeley)__

**WAL-MART STORES, INC.**

    **Defendant.**

### COMPLAINT

**NOW COMES** Richard Bartus, who for his Complaint against the Defendant, Wal-Mart Stores, Inc., states and avers as follows:

### Jurisdiction and Venue

1. Upon information and belief, Wal-Mart Stores, Inc. ("Wal-Mart") is a retail trade business incorporated in the State of Delaware, with its principal place of business in the State of Arkansas.

2. Defendant Wal-Mart has numerous stores throughout the State of West Virginia, and conducts business within the State of West Virginia.

3. The Plaintiff, Robert Bartus, maintains his principal residence in Marion County, Fairmont, West Virginia.

4. Defendant Wal-Mart maintains a store located in Marion County, Whitehall, West Virginia.

5. On December 17, 2017, the Plaintiff, Robert Bartus, was a patron of the Wal-Mart store located in Whitehall, West Virginia when he was negligently struck by a row of shopping carts being pushed by a Wal-Mart employee. As a result of being struck by the shopping

carts, Mr. Bartus was knocked to the ground causing him to sustain serious and significant injuries, including a broken hip.

6. Based on the foregoing, the United States District Court for the Northern District of West Virginia has personal and subject matter jurisdiction of the civil action initiated by this Complaint.

### Count II – Negligence as to John Doe Wal-Mart Employee

7. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through six (6) above as though fully rewritten herein, and the Plaintiff further alleges:

8. The John Doe Employee of Wal-Mart who struck the Plaintiff with a row of shopping carts had a duty of reasonable care, which included ensuring that the shopping carts were maneuvered in a safe manner so as to avoid striking and causing injury to any patrons, fellow employees, or others who may be in the vicinity of the shopping carts.

9. The John Doe employee of Wal-Mart breached his duty by failing to maneuver the row of shopping carts in a reasonably safe manner and by striking the Plaintiff causing him to fall to the ground.

10. As a result of the John Doe employee of Wal-Mart breaching his duty of reasonable care and failing to safely maneuver the row of shopping carts at issue, the Plaintiff, Richard Bartus, was struck by the shopping carts, knocked to the ground, and suffered a displaced left femoral neck fracture with arthrosis of the acetabulum. As a result of this injury, Plaintiff was required to undergo a total left hip replacement. In addition to the physical and emotional injuries suffered by the Plaintiff as a result of the Defendant's negligence, the Plaintiff incurred approximately $90,000 of past medical expenses and may incur additional medical and life care expenses in the future.

### Count III – Vicarious Liability as To Wal-Mart Stores, Inc.

11. The Plaintiff incorporates each and every assertion and allegation in paragraphs one (1) through ten (10) above as though fully rewritten herein, and the Plaintiff further alleges:

12. The John Doe employee of Wal-Mart was working as an agent, employee, and/or servant of Wal-Mart at the time of the subject incident.

13. At the time of the subject incident, the John Doe Employee of Wal-Mart was operating within the course and scope of his employment or agency with Wal-Mart.

14. As such, Defendant Wal-Mart is vicariously liable for the negligent and careless conduct of its employee that caused the Plaintiff Richard Bartus to be severely injured.

**WHEREFORE,** The Plaintiff, Richard Bartus, requests relief from the Defendant Wal-Mart as follows:

a. Compensatory damages for pain and suffering, emotional distress, inconvenience, loss of capacity to enjoy life, past medical expenses, future medical and life care expenses, and any other damages deemed appropriate by the Court in an amount to be determined by the Jury upon proper proof presented at trial;

b. Pre-judgment and post-judgment interest;

c. Such other general and specific relief as may be shown by the evidence in this case.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

        **RICHARD BARTUS, Plaintiff,**
        **By Counsel,**

        _____
        **Dino S. Colombo (WV Bar No. 5066)**
        **Kala L. Sowers (WV Bar No. 11350)**
        Colombo Law

341 Chaplin Road, 2nd Floor  
Morgantown, WV 26501  
(304) 599-4229

4